UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARILUZ VALENTIN,
individually and on behalf of a class,

                       Plaintiff,

    -against-

TRACER/COLLECTION/ASSETS, INC.

                     Defendant.
------------------------------------------------------------X

'10 CIV 01349

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

JUDGE KARAS

Plaintiff, by and through her undersigned attorney, alleges upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

PRELIMINARY STATEMENT

1. Plaintiff brings this action on her own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the defendant's violation of §1692 *et. seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors within the meaning of 15 U.S.C. § 1692a(6) from engaging in abusive, deceptive and unfair practices.

JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____

9. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 1692g(a)(3).

b. Whether plaintiff and the Class have been injured by the defendant's conduct;

c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d. Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members

3

who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15. Starting on or about September 9, 2009, defendant sent a collection letter regarding a consumer matter. Upon receipt of defendant's letter, plaintiff opened and read it. A copy of said letter is annexed hereto as **Exhibit A**.

## FIRST CAUSE OF ACTION

16. Each of the above allegations is incorporated herein.

17. The letter violated numerous provisions of the FDCPA by the debt collector's notice to the consumer, which notified the consumer that the consumer may dispute the validity of the debt, in writing only, in violation of 15 U.S.C. § 1692g(a)(3).

18. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

WHEREFORE, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Awarding plaintiff statutory damages;

c) Awarding class members the maximum statutory damages;

d) Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

e) Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: February 19, 2010
Uniondale, New York

Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RXR Plaza
Uniondale, New York 11556-0626
Telephone (516) 522-2621
Facsimile  (888) 522-1692

5

Exhibit A

```
              TRACER/COLLECTION/ASSETS
                     PO BOX 1006
                 LARCHMONT, NY  10538
               TELEPHONE: (914) 633-0492
```
---

NOTIFICATION DATE: 09-09-09

```
        VALENTIN, MARILUZ              771799              81
        472 PELHAM RD
        NEW ROCHELLE NY 10805
```

WE HEREBY INFORM YOU THAT YOUR NAME HAS BEEN LISTED IN OUR
DATABASE AS "DELINQUENT".

---

OUR INFORMATION IS BASED ON THE FOLLOWING UNPAID DEBT(S):

```
    CREDITOR:     NEW ROCHELLE RADIOLOGY ASSOC
    BALANCE DUE:  $   35.25
```

---

THE ABOVE INFORMATION WILL REMAIN IN OUR FILES UNTIL THE
AMOUNT DUE IS EITHER PAID IN FULL OR DISPUTED IN WRITING.

WE ARE A DEBT COLLECTION AGENCY, AND WE WILL CONTINUE TO
ATTEMPT TO COLLECT THIS DEBT ON BEHALF OF OUR CLIENT.

YOUR ABILITY TO OBTAIN CREDIT IN THE FUTURE MAY OR MAY NOT
BE ADVERSELY AFFECTED BY THIS INFORMATION, AND YOU ARE
HEREBY NOTIFIED IN ACCORDANCE WITH OUR PROCEDURES REGARDING
DISCLOSURE OF EXISTING INDEBTEDNESS.
MAKE CHECKS OR MONEY ORDERS PAYABLE TO TRACER/COLLECTION/ASSETS
THE FOLLOWING NOTIFICATION IS MADE IN ACCORDANCE WITH FEDERAL
FAIR DEBT COLLECTION PRACTICES ACT (PUBLIC LAW 15 USC 1692):

  IF YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION
  OF IT, AND NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS
  OF RECEIVING THIS NOTICE, WE WILL PROVIDE VERIFICATION
  OF THE DEBT.  OTHERWISE, WE WILL ASSUME THE DEBT IS VALID.

  IF, WITHIN 30 DAYS, YOU REQUEST IT IN WRITING, WE WILL PROVIDE
  THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT
  FROM THE CURRENT CREDITOR.
  THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION
  OBTAINED WILL BE USED FOR THAT PURPOSE.